KATLYN BUCCI, individually and on behalf of all others,

         Plaintiff,

   -v-

DOLGENCORP, LLC,

         Defendant.

Civil Action No.:

## DEFENDANT DOLGENCORP, LLC'S NOTICE OF REMOVAL

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI:

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Dolgencorp, LLC ("Dollar General" or "Defendant"), by counsel, hereby removes this civil action, pending in the Circuit Court of Clinton County, Missouri, Case Number 22CN-CC00069 (the "State Court Action"), to the United States District Court for the Western District of Missouri. Removal is proper because this Court has subject matter jurisdiction over the action under federal question jurisdiction. *See* 28 U.S.C. § 1331. Accordingly, Dollar General removes this action to this Court. In support of removal, Dollar General states the following:

### I. BACKGROUND

1.    Plaintiff Katlyn Bucci ("Plaintiff") commenced the State Court Action against Dollar General by filing a Complaint in the Circuit Court of Clinton County, Missouri on December 20, 2022 (the "Complaint"). Pursuant to 28 U.S.C. § 1446(a), a copy of all process pleadings, and orders served on Dollar General in the State Court Action are attached as **Exhibit A**.

2. On December 27, 2022, Dollar General's registered agent was served with a copy of the Complaint.

3. This Notice of Removal is being filed within thirty days of service of the Complaint. This Notice of Removal is, therefore, timely under 28 U.S.C. § 1446(b).

4. The above-captioned lawsuit alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), as well as a claim for breach of contract under Missouri law.

## II. FEDERAL QUESTION JURISDICTION

5. This Court has original jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331, which states that federal question jurisdiction is appropriately exercised over "all civil actions arising under the Constitution, laws, or treaties of the United States."

6. Removal of this action is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7. In her Complaint, Plaintiff alleges Dollar General violated 15 U.S.C. § 1681b(b) by "failing to provide Plaintiff, and other putative class members, with a copy of their [consumer] report before adverse action was taken." *See* **Ex. A** at ¶ 67. Plaintiff further alleges Dollar General violated 15 U.S.C. § 1681b(b) by making allegedly "false certifications to First Advantage in order to obtain and use Consumer Reports for employment purposes." *Id.* at ¶ 90.

8. Federal question jurisdiction exists over this action because the allegations in the Complaint involve questions that will require resolution of significant, disputed issues arising under federal law. Plaintiff's Complaint alleges claims under the FCRA.

9.      Plaintiff's claims purporting to arise under Missouri state law are so related to Plaintiff's federal claims, which are within the original jurisdiction of this Court, that they form part of the same case or controversy.  Specifically, Plaintiff's breach of contract claim under Missouri state law arises out of Dollar General's alleged failure to "abide by the adverse action requirements of" the FCRA. *See* **Ex. A** at ¶ 79. Accordingly, the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367(a)

10.     Pursuant to 28 U.S.C. § 1441(b), removal is proper irrespective of the citizenship or residence of the parties.

### III. VENUE

11.     Venue is proper in this Court because this district and division encompass the Circuit Court of Clinton County, Missouri, the forum from which the case has been removed.  *See* 28 U.S.C. § 1441.

### IV. NOTICE

12.     Concurrent with the filing of this Notice, Dollar General will file a Notice of Filing of Notice of Removal with the Circuit Court of Clinton County, Missouri, a copy of which is attached hereto as **Exhibit B**.

13.     Upon information and belief, the contents of **Exhibit A** and **Exhibit B** constitute the entire file of the action pending in the state court, as required pursuant to 28 U.S.C. §1446(a).

WHEREFORE, Dollar General hereby removes this action to this Court.

**TROUTMAN PEPPER**
**HAMILTON SANDERS LLP**

Dated: January 25, 2023

By: */s/ Rachel B. Ommerman*
Rachel B. Ommerman #56493
c/o 600 Peachtree Street NE, Suite 3000
Atlanta, GA  30308-2216
Tel: (470) 832-5571 |Fax: (470) 962-6800
Rachel.ommerman@troutman.com
*Counsel for Defendant Dolgencorp, LLC*

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of January 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and sent a copy of the same via electronic mail and FedEx Overnight mail to the following counsel of record:

> C. Jason Brown
> Jayson A. Watkins
> Brown & Watkins LLC
> 301 S. US 169 Highway
> Gower, Missouri 64454
> brown@brownandwatkins.com
> watkins@brownandwatkins.com
> *Counsel for Plaintiff*

> */s/ Rachel B. Ommerman*
> Rachel B. Ommerman #56493

# EXHIBIT A



# IN THE 43RD JUDICIAL CIRCUIT, CLINTON COUNTY, MISSOURI

| Judge or Division:<br>R BRENT ELLIOTT | Case Number: 22CN-CC00069 | |
|---|---|---|
| Plaintiff/Petitioner:<br>KATLYN BUCCI<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES JASON BROWN<br>301 S US HIGHWAY 169<br>GOWER, MO 64454-9116 | ***FILED***<br>***12/20/2022***<br>***Clinton County***<br>***Circuit Court*** |
| Defendant/Respondent:<br>DOLGENCORP, LLC | Court Address:<br>207 NORTH MAIN<br>PLATTSBURG, MO 64477 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: __DOLGENCORP, LLC__

**Alias:**

C/O CSC LAWYERS INCORP SERVICE
221 BOLIVAR
JEFFERSON CITY, MO 65101

*COURT SEAL OF*

*CLINTON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| __12/20/2022__ | *Susan A Davis* | TAH, Deputy Clerk |
|---|---|---|
| Date | Clerk | |

Further Information:

## Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*          Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
Date          Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) For Court Use Only: Document ID # 22-SMCC-605    1 of 1    22CN-CC00069    Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 5:23-cv-06012-HFS    Document 1    Filed 01/25/23    Page 6 of 27

## IN THE CIRCUIT COURT OF CLINTON COUNTY, MISSOURI

| | |
|---|---|
| **KATLYN BUCCI,** ) <br> Individually And On Behalf Of ) <br> All Others, ) <br> ) <br>      Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> **DOLGENCORP, LLC** ) <br> Registered Agent: ) <br> CSC- Lawyers Incorp. Service Co. ) <br> 221 Bolivar Street ) <br> Jefferson City, MO 65101 ) <br> ) <br>      Defendant. ) | Case No.: <br><br> **JURY TRIAL DEMANDED** |

### PETITION

**COMES NOW** the Plaintiff, Katlyn Bucci, by and through her attorneys, and on behalf of herself, and brings the following class action against Defendant, Dolgencorp, LLC, ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

### PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the FCRA.

2. Defendant obtained information concerning the Plaintiff from First Advantage, a Consumer Reporting Agency.

3. Defendant paid a fee to First Advantage for the information it obtained concerning the Plaintiff.

4. The information obtained from First Advantage, concerning the Plaintiff, was a Consumer Report (as a Consumer Report is defined pursuant to the FCRA).

5. Defendant relies on information in Consumer Reports to make decisions regarding prospective or current employees.

6.  Defendant relies on information in Consumer Reports, in whole or in part, as a basis for adverse employment action; such as a refusal to hire and/or termination.

7.  Plaintiff asserts claims against Defendant on behalf of herself and a class of Defendant's employees and prospective employees whose rights under the FCRA were violated.

8.  On behalf of herself and all class members, Plaintiff seeks statutory damages, punitive damages, costs and attorneys' fees, and all other relief available pursuant to the FCRA.

## PARTIES

9.  Plaintiff is a resident of St. Joseph, Missouri. Plaintiff is a member of the Putative Classes defined below.

10. Defendant is a foreign company doing business in Missouri and throughout the United States.

## JURISDICTION AND VENUE

11. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. § 1681p and Article V, Section 14(a) of the Constitution of Missouri.

12. Venue is proper in this Court pursuant to R.S.Mo. 508.010.2(4).

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

14. Plaintiff applied online for employment with Defendant on or about January 2021.

15. Plaintiff was shopping at Dollar General and was stopped by an employee and asked to come in for an interview.

16. Plaintiff was hired the day she had the interview and was placed to work the next

day.

17. Plaintiff worked for approximately three months.

18. Plaintiff was called into the office by Jill, the manager, and was told due to a warrant and pending charges she would be placed on suspension without pay.

19. Plaintiff never heard from Defendant after being placed on suspension.

20. Plaintiff did not receive a copy of her Consumer Report before the suspension.

21. Plaintiff was not given an opportunity to review the Consumer Report before the Defendant took adverse action.

22. Plaintiff does not know what information the Consumer Report contains.

23. Plaintiff may have successfully disputed the information if she had received a copy of the Consumer Report and an opportunity to review the report.

24. Terminating the Plaintiff because of information in her Consumer Report is an adverse action (as an adverse action is defined pursuant to the FCRA).

25. Plaintiff would not have allowed the Defendant access to her personal information if she had known that her personal information would be used for illegal purposes.

26. The adverse action suffered by the Plaintiff is an injury in law.

27. The illegal use of the Plaintiff's personal information is a violation of common law breach of trust.

28. The illegal use of the Plaintiff's personal information is an injury in fact.

29. Defendant failed to consider the frequency, recentness, and severity of the Plaintiff's criminal record or any sentence related to the criminal history.

30. The information contained within the Plaintiff's Consumer Report was not reasonably related to the duties and responsibilities of Plaintiff's job.

31.    If Plaintiff had received a copy of the Consumer Report prior to the adverse action the Plaintiff could have reviewed the Consumer Report and pointed out inaccuracies.

32.    Defendant's actions deprived the Plaintiff of her right to address the information in the Consumer Report that was used to deny her employment.

33.    On information and belief, the Defendant certified to First Advantage that it would not use the Plaintiff's Consumer Report in violation of any applicable federal or state equal employment law or regulation.

34.    On information and belief, Defendant certified to First Advantage that it would abide by 15 U.S.C. §1681b(b)(3) if that section became applicable.

35.    Consumer Reporting Agencies may not provide a third-party entity with a Consumer Report without first receiving a 15 U.S.C. §1681b(b)(1) certification.

36.    On information and belief, Defendant contracted with First Advantage to provide Consumer Reports for employment purposes.

37.    On information and belief, the Defendant contractually agreed to abide by 15 U.S.C. §1681b(b)(3) if that section became applicable.

38.    Defendant violated the provisions of 15 U.S.C. §1681b(b)(3) when it failed to provide the Plaintiff with a copy of her Consumer Report before taking adverse action.

39.    Defendant's violation of 15 U.S.C. §1681b(b)(3) confused the Plaintiff.

40.    Defendant's action caused the Plaintiff embarrassment, humiliation, anxiety, and garden variety emotional distress.

41.    Plaintiff may have been able to maintain employment if given the proper

opportunity to review, address, explain, and/or dispute her Consumer Report.

42. Defendant's actions deprived Plaintiff of a meaningful opportunity to invoke the discretion of the decisionmaker before termination.

43. Defendant's actions deprived Plaintiff of the opportunity to review, understand, and learn what information was being used against her in order to better her opportunities to obtain employment and to prevent adverse information from further affecting her livelihood.

44. On information and belief, the agreements between the Defendant and First Advantage contain promises that require the Defendant to abide by the protections provided by 15 U.S.C. §1681b(b)(3).

45. Defendant breached the agreement between itself and First Advantage by taking an adverse action without first providing the Plaintiff with a copy of her Consumer Report.

46. Plaintiff is an intended third-party beneficiary of the agreement between the Defendant and First Advantage.

47. Defendant violated its contractual obligations by systematically violating the provisions of the FCRA despite having received the benefits of obtaining regulated information concerning the Plaintiff from a Consumer Reporting Agency.

48. Plaintiff did not receive the protections she was entitled to because of the Defendant's actions.

49. Defendant is aware of the FCRA.

50. Defendant has knowledge that it must comply with the FCRA.

51. Despite having knowledge of the requirements of the FCRA, Defendant failed to comply with the FCRA.

52. Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were reckless.

53. The manner in which the Defendant took Adverse Action against the Plaintiff is consistent with its policies and procedures.

## CLASS ACTION ALLEGATIONS

54. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

55. Plaintiff asserts the following proposed class defined as:

    **ADVERSE ACTION CLASS:** All individuals against whom the Defendant took an adverse action based on information in their Consumer Report for the period from December 16, 2020, through the conclusion of this matter.

    **CERTIFICATION CLASS:** All individuals who were the subject of one or more Consumer Reports in which the Defendant represented that it would comply with 15 U.S.C. §1681b(b)(1) but failed to do so for the period from December 16, 2020, through the conclusion of this matter.

    **BREACH OF CONTRACT CLASS:** All individuals who were the subject of one or more Consumer Reports in which the Defendant breached its agreement with First Advantage from December 16, 2020, through the conclusion of this matter.

### Numerosity

56. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains and uses information in Consumer Reports to conduct background checks on prospective employees and existing employees. Defendant relies on the information contained it said Consumer Reports, in whole or in part, as a basis for adverse employment action. Given the

nature of Defendant's business, Plaintiff believes that during the relevant time period, a sufficient number of individuals would fall within the definition of the class.

## Common Questions of Law and Fact

57. Virtually all of the issues of law and fact in this class action or, to the class predominate over any questions affecting individual class members. Among the questions of law and fact common to the class are:

   a. Whether Defendant uses the information in an individual's Consumer Report to take adverse actions;

   b. Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other putative class members on the basis of information in a Consumer Report without first providing a copy of the report;

   c. Whether the Plaintiff and other members of the proposed putative classes were third-party beneficiaries to the agreement between the Defendant and First Advantage;

   d. Whether the Defendant obtained Consumer Report from First Advantage via a false 15 U.S.C. §1681b(b)(1) certification;

   e. Whether Defendant's actions were reckless; and

   f. The proper measure of damages.

## Typicality

58. Plaintiff's claims are typical of the members of the proposed class. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members. Defendant typically uses Consumer Reports to take adverse actions but fails to provide the consumer a copy of the report before taking an adverse employment action based on information contained in said report. The FCRA violations suffered by Plaintiff are typical of those suffered by other class

members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

## Adequacy of Representation

59.     Plaintiff, as representative of the class, will fairly and adequately protect the interests of the class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

## Superiority

60.     A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

61.     This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

62.     This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

63. Class certification is also appropriate under Rule 52 of the Missouri Rules of Civil Procedure because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

64. Plaintiff intends to send notice to all members of the putative class to the extent required by Rule 52 of the Missouri Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

## Count I
### Adverse Action

65. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein. Defendant obtained a "Consumer Report" from First Advantage concerning the Plaintiff.

66. Defendant used the report from First Advantage to take adverse employment

action against the Plaintiff, and on information and belief, other putative class members.

67. Defendant violated the FCRA by failing to provide Plaintiff, and other putative class members, with a copy of their report before adverse action was taken.

68. Defendant violated the FCRA by failing to provide the Plaintiff and other putative class members with a reasonable time to address the information in their report.

69. Defendant violated the FCRA by failing to provide the Plaintiff and other putative class members with a reasonable time to explain the information in their report.

70. Defendant violated the FCRA by failing to provide the Plaintiff and other putative class members with a reasonable time to dispute their report.

71. Had Defendant complied with the FCRA, Plaintiff would have been given time to review, explain, dispute and/or otherwise address the information contained in the Consumer Report.

72. Defendant's failure to comply with the unambiguous mandates of the FCRA injured the Plaintiff and the putative class members.

73. The foregoing violations were reckless.

74. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and the putative class members.

75. Defendant's reckless conduct is reflected by, among other things, the following facts:

   a. Defendant has access to legal advice through outside employment counsel;

   b. The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA;

   c. 15 U.S.C. §1681b(b)(1) required the Defendant to certify that the

protections of 15 U.S.C. §1681b(b)(3) would be followed; and

d.  Defendant entered into a contract in which they contractually agreed to abide by the FCRA's adverse action requirements.

76. Plaintiff and the proposed class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

77. Plaintiff and the proposed class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

78. Plaintiff and the proposed class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

## COUNT II
## Breach of Contract

79. On information and belief, Defendant entered into a written agreement with First Advantage that required the Defendant to abide by the adverse action requirements of 15 U.S.C. §1681b(b)(3).

80. Plaintiff was an intended third-party beneficiary of the agreement between the Defendant and First Advantage.

81. Defendant violated its agreement with First Advantage.

82. Defendant's actions took advantage of the Plaintiff's personal information in a manner not contemplated by the agreement with First Advantage.

83. Defendant's violation of the agreement with First Advantage injured the Plaintiff.

## Count III
## Certification Violations

84. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

85. On information and belief, the Defendant certified to First Advantage that the requirements set forth in 15 U.S.C. §1681b(b)(2) had been followed.

86. On information and belief, the Defendant certified to First Advantage that the requirements set forth in 15 U.S.C§1681b(b)(3) would be followed.

87. On information and belief, the Defendant certified to First Advantage that federal and equal opportunity employment laws and regulations would be followed.

88. Defendant violated the FCRA by failing to provide Plaintiff, and other putative class members, with a copy of their Consumer Report before taking adverse action.

89. Defendant knew that it would not comply with 15 U.S.C. §1681b(b)(1).

90. Defendant made false certifications to First Advantage in order to obtain and use Consumer Reports for employment purposes.

91. Plaintiff is a third-party beneficiary of the Defendant's 15 U.S.C. §1681b(b)(1) certifications.

92. Absent Defendant's illegal behavior, the Plaintiff would not have been denied employment.

93. Absent Defendant's illegal behavior, the Plaintiff would likely still be employed.

94. Defendant's failure to comply with the unambiguous mandates of the FCRA injured the Plaintiff.

95. The foregoing violations were reckless.

96. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other individuals under the provisions of the FCRA.

97. Defendant's reckless conduct is reflected by, among other things, the following

facts:

a.    Defendant has access to legal advice through outside employment counsel;

b.    The Defendant has ignored regulatory guidance from FTC Informal Staff

c.    Opinions and the unambiguous language of the FCRA;

d.    15 U.S.C. §1681b(b)(1) required the Defendant to certify that the protections of the FCRA would be followed; and

e.    Defendant made written representations to First Advantage that they would abide by the requirements of the FCRA.

98.    Plaintiff and the proposed class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

99.    Plaintiff and the proposed class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

100.    Plaintiff and the proposed class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

a.    An Order that this action may proceed as a class action under Rule 52 of the Missouri Rules of Civil Procedure;

b.    Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

c.    Order directing proper notice to be mailed to the Putative Classes at Defendant's expense;

d.      Order finding that Defendant committed multiple, separate violations of the FCRA;

e.      Order finding that Defendant acted recklessly in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

f.      Order awarding statutory damages and punitive damages as provided the FCRA;

g.      Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h.      Order finding that the Defendant breached its agreement with First Advantage causing damage to the Plaintiff and other class members;

i.      Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## **Demand for Jury Trial**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed class have a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF

## IN THE CIRCUIT COURT OF CLINTON COUNTY MISSOURI
## AT PLATTSBURG

KATLYN BUCCI,                        )
Individually And On Behalf Of        )
All Others,                          )
                                     )
    Plaintiffs,  )
                                     )   Case No.:
vs.                                  )
                                     )
DOLGENCORP, LLC,                     )
                                     )
    Defendant.     )

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

    PLEASE TAKE NOTICE THAT Plaintiff requests that Defendant produce for inspection and copying the documents described below. Production shall be made at the office of Plaintiff's attorneys, C. Jason Brown and Jayson A. Watkins, Brown & Watkins LLC; 301 S. US 169 Hwy; Gower Missouri 64454, within the time prescribed by the applicable rules of civil procedure or at such other time and place as may be mutually agreed.

    If there are documents responsive to any of the foregoing Requests which Defendant refuses to produce, please define or designate the documents in your Response with sufficient particularity, pursuant to the Federal Rules of Civil Procedure, to allow us to make a motion for a court order to require production of these documents.

    PLEASE TAKE NOTICE THAT Plaintiff will object to the introduction at trial of any document which is not produced in response to the foregoing Requests and to any evidence about any requested document which has not been revealed by an appropriate response to this Request for Production of Documents.

    Plaintiff will at the time of trial move the court for an order excluding from evidence all tangible or intangible things known to you at the time of your responses to these Requests and Interrogatories not disclosed in your response thereto.

## REQUESTS FOR PRODUCTION

**Request No. 1:**  Any and all documents the Defendant used to disclose to the Plaintiff that a consumer report would be procured for employment purposes.

**Response:**

**Request No. 2:**  Any and all documents in which the Defendant received authorization from the Plaintiff to obtain a consumer report for employment purposes.

**Response:**

Respectfully submitted,

By: /s/ C. Jason Brown
C. Jason Brown MO #49952
Jayson A. Watkins MO #61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax: 816-424-1337
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF

## IN THE CIRCUIT COURT OF CLINTON COUNTY MISSOURI

| | |
|---|---|
| KATLYN BUCCI, | ) |
| Individually And On Behalf Of | ) |
| All Others, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No.: |
| vs. | ) |
| | ) **JURY TRIAL DEMANDED** |
| DOLGENCORP, LLC, | ) |
| | ) |
| Defendant. | ) |

## MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER

Comes now Plaintiff, by and through counsel, and pursuant to Local Rule of

Clinton County, hereby moves for the appointment of David Roberts as private process

server in the above captioned-matter. Plaintiff states that David Roberts is over the age

of 18 and is not a party to this action.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFFS

Electronically Filed - Clinton - December 16, 2022 - 02:25 PM

## IN THE CIRCUIT COURT OF CLINTON COUNTY MISSOURI

KATLYN BUCCI,                )
Individually And On Behalf Of )
All Others,                  )
                             )
    Plaintiffs,          )
                             )    Case No.:
vs.                          )
                             )    **JURY TRIAL DEMANDED**
DOLGENCORP, LLC,             )
                             )
    Defendant.           )

**F I L E D**

DEC 2 0 2022

Clerk of Clinton Co. Circuit Court

## ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process

Server is sustained and David Roberts who is over the age of 18 and not a party to this

action, is hereby appointed to serve process in the above captioned matter.

DATE: **Dec 20, 2022**

_____
Judge or Circuit Clerk

# EXHIBIT B

**MISSOURI:**

## IN THE 43RD JUDICIAL CIRCUIT COURT, CLINTON COUNTY

KATLYN BUCCI,
Individually And On Behalf of All Others,

         Plaintiffs,

v.                                    Case No.: 22CN-CC00069

DOLGENCORP, LLC,
d/b/a Dollar General,

         Defendant.

## NOTICE OF FILING OF NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant, Dolgencorp, LLC ("Dolgencorp"), through its undersigned counsel, has on the 25th day of January, 2023, filed in the office of the Clerk of the United States District Court for the Western District of Missouri, a Notice of Removal of the above-captioned action from the Circuit Court of Clinton County, Missouri, to the United States District Court for the Western District of Missouri (a copy of which is attached hereto as **Exhibit A**), thereby effecting removal of this action, and pursuant to 28 U.S.C. § 1446(d), this Court shall proceed no further.

                                         Respectfully submitted,

                                         **TROUTMAN PEPPER**
                                         **HAMILTON SANDERS LLP**

Dated: January 25, 2023              By: */s/ Rachel B. Ommerman*
                                         Rachel B. Ommerman #56493
                                         c/o 600 Peachtree Street NE, Suite 3000
                                         Atlanta, GA  30308-2216
                                         Tel: (470) 832-5571 |Fax: (470) 962-6800
                                         Rachel.ommerman@troutman.com
                                         *Counsel for Defendant Dolgencorp, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of January, 2023, a true and correct copy of the

foregoing pleading was sent via FedEx Overnight mail to:

> C. Jason Brown
> Jayson A. Watkins
> Brown & Watkins LLC
> 301 S. US 169 Hwy
> Gower, Missouri 64454
> brown@brownandwatkins.com
> watkins@brownandwatkins.com
> *Attorneys for Plaintiff*

> */s/ Rachel B. Ommerman*
> Rachel B. Ommerman #56493